UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEE PRATT, | ) |
|     Plaintiff, | ) |
| *vs.* | ) |
| | ) No. 1:17-cv-2948-JMS-TAB |
| MARION COUNTY SHERIFF, | ) |
| JANE DOE Marion County Sheriff Deputy(s) in | ) |
| her official and individual capacities, | ) |
| JOHN DOE Marion County Sheriff Deputy(s) in | ) |
| his official and individual capacities, | ) |
| CORECIVIC, INC. d/b/a CORRECTIONS | ) |
| CORPORATION OF AMERICA, | ) |
| JANE SMITH CoreCivic, Inc. employee(s), and | ) |
| JOHN SMITH CoreCivic, Inc. employee(s), | ) |
| | ) |
|     Defendants. | ) |

**ORDER GRANTING IN PART MOTION TO DISMISS[1]**

Pending before the Court is Defendant Marion County Sheriff's Office's (the "Sheriff's Office") Motion to Dismiss for Failure to State a Claim. [Filing No. 16.] The Sheriff's Office seeks dismissal of the claims brought against it by Plaintiff Lee Pratt pursuant to 42 U.S.C. § 1983 and the state law doctrine of *respondeat superior*. [Filing No. 1.] For the reasons detailed herein, the Court is **GRANTS IN PART** and **DENIES IN PART** the Sheriff's Office's Motion to Dismiss and dismisses Mr. Pratt's § 1983 claim against the Sheriff's Office.

**I.**
**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

---

[1] This Order amends Filing No. 32 in order to accurately reflect that only Mr. Pratt's § 1983 claim is dismissed.

(quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The factual allegations in Mr. Pratt's Complaint, which the Court must accept as true, are as follows:

Mr. Pratt initiated this action in July 2017 against various defendants, including the Sheriff's Office. [Filing No. 1.] Mr. Pratt's claims arose when he received injuries to his face, mouth, teeth, and jaw in a physical altercation with two inmates during his incarceration in Marion County Jail II (the "Jail"). [Filing No. 1 at 4.] John and Jane Joe, Marion County Sheriff Deputies assigned to the Jail, were aware of the incident. [Filing No. 1 at 4.] Shortly after the incident, an employee of the jail identified only as Ms. Shaw met Mr. Pratt. [Filing No. 1 at 5.] Mr. Pratt

2

notified Ms. Shaw that he required medical attention for his injuries. [Filing No. 1 at 5.] Mr. Pratt was visibly bleeding from his mouth, and notified Ms. Shaw that he had suffered the loss of a tooth, had three loose teeth in his lower jaw, was experiencing severe pain, and believed that his jaw was broken. [Filing No. 1 at 5.] However, Ms. Shaw denied Mr. Pratt's request for medical attention and denied four subsequent requests for the same. [Filing No. 1 at 5.] Throughout this time, the condition of Mr. Pratt's mouth and jaw continued to deteriorate to the point where Mr. Pratt could not eat. [Filing No. 1 at 6.] Mr. Pratt's complaints and requests were ignored by Jail Personnel for the next six to seven days. [Filing No. 1 at 6-7.]

Sometime thereafter, Mr. Pratt complained to a Jail employee identified only as Wilson about his need for immediate medical care and treatment. [Filing No. 1 at 7.] The next day, Mr. Pratt was transferred to the Emergency Department at Eskenazi Health, where he was diagnosed with three left mandible fractures and a severe infection of his lower teeth that would require removal. [Filing No. 1 at 7.] Mr. Pratt underwent left mandible surgery at Eskenazi Health and was proscribed a "regimen of medication, non-solid food, and periodic follow-up medical care." [Filing No. 1 at 7.] Since Mr. Pratt's surgery, Jail personnel have prevented him from obtaining his prescribed medications and attending his follow-up medical appointments, and have prevented him from eating by replacing Mr. Pratt's liquid diet with solid food. [Filing No. 1 at 7.]

On August 25, 2017, Mr. Pratt filed suit for compensatory and punitive damages, attorneys' fees, and costs pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and Ind. Code § 34-24-3-1. [Filing No. 1 at 11.] Furthermore, Mr. Pratt requests a permanent injunction requiring the Sheriff's Office to adopt appropriate policies for hiring and supervising its law enforcement officers and agents, and for the care and treatment of the Jail inmates. [Filing No 1 at 11-12.] On November 9, 2017,

3

the Sheriff's Office filed a Motion to Dismiss. [Filing No. 16.] Mr. Pratt did not respond to the Sheriff's Office's Motion, and it is now ripe for the Court's review.

## III.
### DISCUSSION

The Sheriff's Office asserts two arguments in support of its Motion to Dismiss: (1) that Mr. Pratt failed to plead sufficient factual content to support a 42 U.S.C. § 1983 claim under the *Monell* standard; and (2) that Mr. Pratt's *respondeat superior* claims against the Sheriff's Office are invalid since his allegations are against unnamed employees. [Filing No. 17.] The Court will address each argument in turn.

**A. Mr. Pratt's 42 U.S.C. § 1983 Claim Against the Sheriff's Office**

In support of its argument that Mr. Pratt failed to plead sufficient factual content to support a 42 U.S.C. § 1983 claim under the *Monell* standard, the Sheriff's Office argues that the language used in the Complaint is boilerplate *Monell* language that is nonactionable. [Filing No. 26 at 3-4.] Mr. Pratt's Complaint alleges that the Sheriff's Office violated 42 U.S.C. § 1983 when "the Sheriff implemented and executed official government policy" that caused injury to Mr. Pratt, and that the Sheriff's "acts and/or edicts may fairly be said to represent the official policies of the Marion County Sheriff's Office." [Filing No. 1 at 3.] Mr. Pratt's Complaint further states that the Sheriff "developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of persons incarcerated in [the Jail]." [Filing No. 1 at 3.] For the forgoing reasons, the Court finds Mr. Pratt's allegations fail to meet the benchmark of the § 1983 pleading standard.

Under *Monell v. Department of Social Services of the City of N.Y.*, 436 U.S. 658 (1978), a municipality "may be liable under § 1983 for constitutional violations caused by: (1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a

4

municipal agent with final policymaking authority." *Kristofek v. Vill. of Orland Hills*, 832 F.3d 785, 799 (7th Cir. 2016). "To state a *Monell* claim, the plaintiff must plead factual content that would allow the Court to draw a reasonable inference that: (1) he has suffered the deprivation of a constitutional right; and (2) that an official custom or policy of the City caused that deprivation." *Hoskin v. City of Milwaukee*, 994 F. Supp. 2d 972, 978 (E.D. Wis. 2014) (quoting *Monell,* 436 U.S. at 694-95; *McCauley,* 671 F.3d at 616). This standard requires the plaintiff to "'provid[e] some specific facts' to support the legal claims asserted in the complaint." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Under *McCauley,* "the Court must disregard conclusory and boilerplate statements in the pleadings to determine whether, without those, the plaintiff has alleged sufficient factual matter to state a claim for relief that is plausible on its face." *Hoskin,* 994 F. Supp. 2d at 977 (citing *Iqbal,* 556 U.S. at 683; and *McCauley.,* 671 F.3d at 617-18).

In this case, Mr. Pratt failed to plausibly allege that the promulgated policies and customs violated his constitutional rights. The facts in Mr. Pratt's Complaint, viewed most favorably to him, only state that his Constitutional rights were deprived, but do not give a plausible inference that the deprivation was caused by an official policy or custom that the Sheriff's Office promulgated. Mr. Pratt provides only boilerplate language that there was a custom or practice that the Sheriff's Office used to deprive him of his Constitutional rights. For example, he alleges that the Sherriff's Office is liable due to "constitutional violations [] committed as a result of the policies and customs of the Sheriff" and that "the Sheriff implemented and executed official government policy that caused injury to [Mr.] Pratt." [Filing No. 1 at 2-3.]

Without more, such statements are merely boilerplate language which the Court is required to ignore. While Mr. Pratt does not have to state with perfect specificity his factual allegations, he must allege some facts that go beyond the boilerplate wording of the *Monell* standard to provide a

5

plausible set of facts. However, Mr. Pratt has failed to do so and, as such, his §1983 claim against the Sheriff's Office is dismissed.

**B. Mr. Pratt's *Respondeat Superior* Claims against the Sheriff's Office**

In support of its argument that Mr. Pratt's *respondeat superior* claims against the Sheriff's Office are invalid, the Sheriff's Office points out that Mr. Pratt's Complaint alleges that the Sheriff's Office is liable for assault and battery due to the actions of its employees Jane Doe and John Doe. [Filing No. 17 at 3.] However, the Sheriff's Office argues that "[u]nder no set of facts could the Sherriff's Office be held liable for the acts of fictitious individuals." [Filing No. 17 at 3.]

The Court may allow nameless defendants in limited circumstances and for limited reasons. "Bringing suit against unnamed, or 'John Doe', defendants in federal court is a practice neither condoned nor condemned by The Federal Rules of Civil Procedure." *Kennington v. Carter*, 216 F.Supp. 2d 856, 857 (S.D. Ind. 2002) (citing David M. Epstein, *Propriety of Use of Fictitious Name of Defendant in Federal District Court*, 139 A.L.R. Fed. 553 (1997)). "[A]sserting claims against an unnamed defendant is a practice generally disfavored by the Seventh Circuit, although district courts have discretion as to whether such claims may be sustained." *Id.* For example, district courts may allow claims against unnamed individuals when an inmate is a *pro se* litigant and is unable to name proper defendants until given sufficient discovery. *See, e.g.*, *Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, (7th Cir. 1995); *Maclin v. Paulson*, 627 F.2d 83, 87-88 (7th Cir. 1980).

Mr. Pratt has not responded to the Sheriff's Office's Motion or otherwise identified any circumstance that justifies allowing his claims against the Sheriff's Office for the acts or omissions of nameless defendants to proceed. However, the authority cited by the Sheriff's Office is

distinguishable from the facts of this case as it only involves claims against unnamed defendants rather than claims against the Sheriff's Office for the acts or omissions of unnamed defendants. As such, the case cited by the Sheriff's Office is of no assistance to the Court in considering Mr. Pratt's *respondeat superior* claims against it.

In the absence of relevant authority from either party, the Court notes that the Northern District of Indiana, in considering a complaint in which a plaintiff had sued unnamed jail employees, specifically noted that "if unnamed Jail staff did breach their duty of care to Plaintiff, the [] Sheriff's Department may be liable for their negligence under a *respondeat superior* theory of liability." *Hooper v. Lain*, 2015 WL 1942791, at *7 (N.D. Ind. Apr. 29, 2015). Similarly, in this case, the Court finds no authority to support the proposition that dismissal is warranted at this stage. As such, the Sheriff's Office's Motion is **DENIED** with respect to Mr. Pratt's *respondeat superior* claims against it.

## IV.
### CONCLUSION

For the reasons stated herein, the Sheriff's Office's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**, [16], and Mr. Pratt's 42 U.S.C. § 1983 claim against the Sheriff's Office is **DISMISSED WITHOUT PREJUDICE**. No final judgment shall issue.

Date: 3/14/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**